# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 CHRISTOPHER B. WILLIAMS**
**United States Army, Appellant**

ARMY 20110265

U.S. Army Medical Department Center and School
Thomas Berg, Military Judge
Lieutenant Colonel Randolph Swansiger, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain Richard M. Gallagher, JA.

For Appellee:  Pursuant to A.C.C.A Rule 15.2, no response filed.

30 November 2011

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his pleas, of one specification of absence without leave [hereinafter AWOL], one specification of failure to go to his appointed place of duty, one specification of going from his appointed place of duty, two specifications of violation of a lawful general order, five specifications of making a false official statement, and one specification of wrongful use of cocaine, in violation of Articles 86, 92, 107, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 907 and 912a [hereinafter UCMJ].  Appellant was sentenced to a bad-conduct discharge, confinement for four months, and reduction in rank to Private E1.  This case is before us for review pursuant to Article 66, UCMJ.

## LAW AND DISCUSSION

Specification 2 of Charge II alleges a false official statement to Ms. KM, a civilian nurse at Brooke Army Medical Center (BAMC), to wit:  "I did not seek treatment earlier because I had been mugged and kidnapped and they just let me go today," or words to that effect.  Specification 3 of Charge II alleges a false official

statement to Detective NMD, a San Antonio police detective, to wit:  "I was kidnapped," or words to that effect.  During the providence inquiry, appellant acknowledged the official nature of the statements.  Applying the factors articulated in *United States v. Teffeau*, 58 M.J. 62, 68-69 (C.A.A.F. 2003) and *United States v. Day*, 66 M.J. 172, 174-75 (C.A.A.F. 2008) to the facts elicited during appellant's colloquy with the military judge and to the stipulated facts in Prosecution Exhibit 1, both statements qualify as official statements. Notwithstanding the fact that these statements were made to civilians and did not address a matter within appellant's line of duty, both statements qualify as "official."

Regarding Specification 2 of Charge II, the following factors support finding an "official statement":  the statement was made when appellant was not yet suspected of any criminal activity (*i.e.*, he was the alleged victim of a kidnapping vice an AWOL returnee); the statement was made on-post in a military hospital; the statement was made to a nurse employed by the Army; the question asked by the nurse triggering appellant's response related to the nurse's official on-post duties; the question about prior treatment or lack thereof is consistent with a line of duty determination notwithstanding the lack of any ongoing line of duty investigation; Ms. KM, at the time of the questioning, was in the performance of her official Army duties; present during the questioning was SSG G, appellant's noncommissioned officer (NCO) escort; Ms. KM was aware of appellant's military status; the statement related to an alleged crime that occurred on-post and committed by two suspected civilians, an offense of interest to both civilian and military authorities; and appellant's statement could have and did subject him to criminal liability in the military justice system for various offenses in addition to his false official statement (*i.e.*, the statement established his absence from his unit subjecting him to prosecution under Article 86 in addition to Article 107).  Additionally, shortly after the making of the false statement to Ms. KM, appellant knew or should have known there would be parallel criminal investigations based on his statement, because he was interviewed by a civilian detective as the victim of an alleged on-post kidnapping by two civilians.

Regarding Specification 3 of Charge II, the following factors support finding an "official statement":  at the time appellant was interviewed, he was not a suspect of any offense, but was the apparent "victim" of a kidnapping by two unidentified civilians committed on Fort Sam Houston, an active Army installation; present during the questioning was SSG G, appellant's NCO escort; Detective NMD  was aware of appellant's military status; the statement related to an alleged crime that occurred on post and committed by two suspected civilians, an offense of interest to both civilian and military authorities; appellant's statement could have and did subject him to criminal liability in the military justice system for various offenses in addition to his false official statement (*i.e.*, the statement established his absence from his unit subjecting him to prosecution under Article 86 in addition to Article 107); at the time of the questioning appellant either knew or should have known that there would be parallel criminal investigations based on his statement, because he

WILLIAMS—ARMY 20110265

was interviewed by a civilian detective as the victim of an alleged on-post kidnapping by two civilians.

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

3